## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01312 ZLW-MJW

ANDREW J. BORELL

Plaintiff,

v.

TREK BICYCLE CORPORATION,

Defendant.

---

### PROTECTIVE ORDER
( Docket No. 13-2 )

---

WHEREAS, Defendant Trek Bicycle Corporation ("Trek") wishes to preserve and protect confidential, proprietary, trade secret and business information documents that may be relevant to claims and defenses in the above-captioned lawsuit.

NOW THEREFORE, IT IS HEREBY ORDERED that all documents and other proprietary, trade secret and/or confidential information, designated as "Confidential-Subject to Protective Order," or such other similar designation, which Trek produces with its Fed. R. Civ. P. Rule 26(a)(1) disclosures, at deposition, or in response to any Party's requests for production of documents, interrogatories or other requests for discovery, shall be subject to the terms of this Protective Order as set forth below. Good cause appearing therefore,

IT IS HEREBY ORDERED that all documents and things containing "Confidential Information" and stamped "Confidential — Subject to Protective Order" or such similar designation, produced by Trek, including the substance and content thereof, shall be subject to the terms of this Protective Order as set forth below:

1. For purposes of this Protective Order, "Confidential Information" means all information in those documents, deposition answers, and written responses marked or designated as such by Trek, which Trek produced with its Fed. R. Civ. P. Rule 26(a)(1) disclosures, at deposition, or in written response to any Party's discovery requests, and to which no objection is lodged. Such documents and/or information may be designated as confidential by Trek by so indicating on the face of the writing or in any other reasonable manner appropriate to the form in which the Confidential Information is made available to other Parties, including but not limited to, a written designation such as "Confidential-Subject to Protective Order," or an oral designation at deposition. This Protective Order shall apply to such documents and written responses even if they are marked as deposition exhibits.

2. Notwithstanding the designation as "confidential" by Trek, as aforesaid, the Party receiving the confidential documents shall retain the right to object to the designation as set forth herein. Said objection shall be made in writing within fifteen (15) days of receipt of the material designated confidential and shall state the basis for the objection. If the Parties are unable to agree on the propriety of the designation or

2

objection thereon after meeting and conferring, any Party may seek a court order that the particular information designated as "confidential" should not be treated as "Confidential Information" within the scope of this Protective Order. Notwithstanding any objection to the confidential designation, all documents and information designated as "confidential" shall be treated as "Confidential Information" and shall be subject to the terms of this Protective Order unless the Court specifically holds otherwise.

3. The Parties shall not disseminate or disclose documents or other information designated as "Confidential Information" in any manner to any third party, except experts and consultants assisting the respective Parties in this litigation. Subject to any Party's right to object to the designation as set forth in Paragraph 2, above, such experts and consultants shall be bound by the terms of this Protective Order and shall signify in writing, by affixing their signature to a copy of this Order, their knowledge of and agreement to the terms of this Order prior to any disclosure of Confidential Information to them, and their agreement to jurisdiction of this Court even after a verdict in the underlying matter has been rendered or the matter has been otherwise finally resolved, for purposes of any action seeking enforcement of this Order or any action for sanctions for violation of its terms. Counsel for the party retaining any such expert or consultant shall be obligated to keep a copy of this order signed by each and every consultant/expert who receives confidential information. By his or her signature hereunder, counsel agrees: a) not to disseminate any information to experts or consultants

until they have a copy of the signature of same as discussed above; and b) to maintain and produce a list of all experts or consultants who have been provided "confidential" information, as well as the referenced signatures of same.

4. Private information of third parties shall remain confidential, subject to said parties themselves agreeing to the disclosure of such information. In the event that a document or other information designated as "Confidential Information" by Trek contains, in pre-redacted form, the name or other identifying personal information of a person not a Party to this lawsuit or having no knowledge of the incident or alleged injuries alleged by Plaintiffs, no other Party may endeavor to contact such person without providing written notice of such intent to Trek. If Trek receives such a request, it will seek permission from the third party to release the third party's personal information in this case. If such permission is granted, Defendants will produce the underlying document containing personal information in un-redacted form.

5. Unless otherwise ordered by the Court in this action, Confidential Information shall be held in strict confidence by the person or persons receiving such information and shall not be used for any purpose other than the prosecution or defense of the above-captioned lawsuit. Any copies, compilations, notes, memoranda, identification scheme or index, or the substance thereof, relating to the Confidential Information or other materials prepared by any authorized person herein shall not be

disseminated or disclosed, and are to be used solely in connection with the prosecution or defense of only this above-captioned lawsuit.

6. Nothing herein shall prevent the Parties from using Confidential Information in connection with any trial, hearing or other public proceeding in this matter. Nonetheless, any Party so seeking to use "confidential," information in this case must follow Colorado law governing same, including but not limited to the designation and filing under seal all such information. *[handwritten: consistent with DCColoLCivR 7.2 And 7.3]* For purposes of this Protective Order, it is assumed that the Parties intend to use any and all Confidential Information received from another Party in the trial of the matter and/or any other hearing or public proceedings connected with this matter.

7. Any person or entity that has not yet been named, served or appeared in this matter or that has been dismissed from this matter at the time this Order is entered shall be considered a third party for the purposes of this Protective Order and shall not be provided with any Confidential Information until this person or entity has appeared, has stipulated to this Order and until this Order is amended accordingly.

8. Within thirty (30) days after the conclusion of the above-captioned lawsuit, all Confidential Information, including, but not limited to copies, translations, and summaries thereof as well as any other documents reflecting or pertaining to the Confidential Information, shall be returned to counsel for Trek.

5

9. Failure to comply with this Protective Order shall subject the offending person or persons, to applicable sanctions after proper notice and hearing. Said sanctions may include contempt of Court with all consequences pertaining thereto. However, nothing in this Protective Order is to be construed as imposing liability or responsibility upon a Party hereto, or its respective attorneys, for the non-compliance of any other Party or person connected with this Protective Order. The Parties may also seek, and the court will award Parties, their costs, including reasonable attorneys' fees, associated with any other motion or other method to enforce this Protective Order or any of its terms from the person and/or entity found by this Court, after notice and hearing, to be in non-compliance.

10. Nothing in this Protective Order may be deemed a waiver by any Party of any valid objection, whether based on privilege, relevance, or other proper ground(s), to the discovery of information or documents requested by another Party.

_____                           Dated: _____

Expert/Consultant For _____

**IT IS SO ORDERED.**

Dated: August 28, 2009

_____
~~TRIAL COURT JUDGE~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6